UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN DIOR COUTURE SA and LOUIS VUITTON MALLETIER,<br><br>Plaintiffs,<br><br>-against-<br><br>XIAOLE LIN, TIMI GIFT SHOP, INC., SHUN MIAO DING, GUO L. HUANG, XIAOWEI GAO, XINGYUN HU, MING LI, XIUQIAN CHI, FEI Y. LU, YONGCHAN ZHANG, YU HOU QU, CAI QIN XIE, XIAOLIU WANG a/k/a LI LI WANG, and JOHN and JANE DOES 1–100,<br><br>Defendants. | Civil Case No. 22-cv-10716<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

Pursuant to 15 U.S.C. § 1116(d)(7) and Fed. R. Civ. P. 26(c), the following Protective Order is hereby entered by the Court to govern the use and disclosure of certain information, documents and things described below and obtained by the parties through discovery, *ex parte* seizure, or otherwise in this action.

1. Section 1116(d)(7) provides that "[a]ny materials seized under this subsection shall be taken into the custody of the court. For seizures made under this section, the court shall enter an appropriate protective order with respect to discovery and use of any records or information that has been seized. The protective order shall provide for appropriate procedures to ensure that confidential, private, proprietary, or privileged information contained in such records is not improperly disclosed or used."

2. This Protective Order will apply to all information, documents, and things, including all electronically stored information, that has been seized pursuant to the January 4, 2023 Temporary Restraining Order entered in this action (the "TRO Order"), and/or produced or

provided in the course of discovery, at trial, and/or otherwise as part of this legal proceeding by the parties or any non-party in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced or otherwise provided, information obtained from inspection of premises or things, and answers to requests for admission (hereafter collectively, "Information and Materials").

3. The party or person providing or disclosing Information and Materials may designate as "Confidential" or "Highly Confidential – Attorneys Eyes Only" only the portion of such Information and Materials that it reasonably and in good faith believes (a) not to be in the public and (b) to contain any trade secret or other confidential research, development, or commercial information that, if disclosed, would materially harm its business operations. Information and Materials shared with third-parties or co-defendants, such as text messages or emails, shall not be designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only."

4. The "Highly Confidential – Attorneys' Eyes Only" designation is reserved for those circumstances where the producing party believes that any Information and Materials contains confidential information of a highly sensitive nature, and the producing party has a good faith belief that, notwithstanding the terms of this Protective Order, disclosure of such information would cause the receiving party to obtain a business (not legal) advantage over the producing party. Documents, information, or things designated "Highly Confidential – Attorneys Eyes Only" shall not be disclosed to the parties hereto (besides the producing party) and the persons identified in Paragraph 6(g), absent a Court order.

5. Nothing in this Protective Order requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject

to discovery. In accordance with Federal Rule of Evidence 502, except when a party intentionally waives attorney-client privilege or work-product protection by disclosing such information and indicating its intention to waive privilege to an adverse party, the disclosure of attorney-client or work-product protected information does not constitute a waiver in this or any other proceeding. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

      6.      Information and Materials designated as "Confidential" may be disclosed only to the following persons or entities:

    a.    the parties;

    b.    in-house counsel for the parties and outside counsel of record for the parties, and employees of each to whom it is necessary that "Confidential" information be shown for purposes of this litigation;

    c.    persons who wrote, created, or previously received the "Confidential" information and such persons' counsel;

    d.    independent investigators, experts, consultants, translators or other vendors for each party and their clerical personnel, who are not employees of the parties, with disclosure only to the extent necessary to perform such work in connection with this litigation;

  e. this Court, including any appellate court, its support personnel, court reporters, stenographers, and translators;

  f. any federal, state, foreign, or local law enforcement officer(s), including but not limited to the U.S. Marshals Service, the New York City Police Department, the New Jersey Police Department, and the U.S. Customs and Border Protection; and

  g. any witnesses who counsel for a party in good faith believes may be called to testify at trial or deposition in this action.

7. Information and Materials designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to the persons identified in Paragraph 6(b)-(f), absent a Court order.

8. The persons described in Paragraphs 6(d) and (g) shall only have access to the "Confidential" and "Highly Confidential – Attorneys Eyes Only" Information and Materials once they have signed the Non-Disclosure Agreement attached as Exhibit A hereto, which shall be maintained and kept by counsel.

9. Each individual who receives any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information and Materials under this Protective Order agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

10. The recipient of any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information and Material that is provided under this Protective Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. With respect to Information and Materials designated as "Confidential" or "Highly Confidential –Attorneys' Eyes Only," a party or person providing or disclosing Information and

Materials of any kind produced or disclosed in the course of discovery in this action ("Producing Party") other than deposition transcripts and exhibits or its counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

12. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts (including any videorecording thereof) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information and Materials of any kind produced or disclosed in the course of discovery in this action either by: (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order," or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript (and, if videorecorded, the hour and minute ranges on such recording) that are to be designated "Confidential," or "Highly Confidential – Attorneys' Eyes Only" in which case all counsel receiving the transcript and/or video recording will be responsible for marking the copies of the designated transcript and/or video recordings in their possession or under their control as directed by the Producing Party or its counsel. During the 30-day period following a deposition, all parties will treat the entire deposition transcript and/or video recording as if it had been designated Confidential.

13. If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" some

5

portion(s) of Information and Materials of any kind produced or disclosed in the course of discovery in this action that it previously produced without limitation, the Producing Party may so designate such material by apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Information and Materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Order.

14. Any party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the producing party a written notice stating with particularity the grounds of the objection. If the parties cannot reach agreement promptly, counsel for the objecting party will address the dispute to this Court for a determination. The burden of proving that Information and Materials have been properly designated as "Confidential" is on the party asserting such designation.

15. Recipients of "Confidential" Information and Materials under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

16. In the event that any party wishes to submit Information and Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to the Court, such party shall follow the procedures prescribed by the Court for filing documents under seal, including filing a motion supported by competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest.

17. Producing or receiving Information and Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or otherwise complying with the terms of this

Protective Order, shall not (a) operate as an admission by any party that any particular Information and Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of Information or Material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Information or Material.

18. This Protective Order shall survive the final termination of this or related proceedings to the extent that the "Confidential" information has not become known to the public.

19. Nothing in this Protective Order shall preclude any party to the civil action, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this proceeding and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

20. Nothing in this Order will prevent any party from producing any Information and Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under any such request, at least 10 calendar days before any disclosure. Upon receiving such

notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process or other legal notice if the Producing Party deems it appropriate to do so.

21. Nothing in this Protective Order shall preclude any party to the proceeding or their attorneys: (a) from showing a document designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Nothing in this Protective Order will bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information and Materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney will not make specific disclosure to any person of any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information and Materials unless otherwise permitted by this Protective Order.

22. Any person bound by this Protective Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

23. Within 60 days of the final disposition of this action, including all appeals, all recipients of Information and Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must either return it including all copies thereof to the Producing Party, or, upon permission of the Producing Party, destroy such material including all copies thereof. In

either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Information and Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence or attorney work product, even if such materials contain Information and Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Any such archival copies that contain or constitute Information and Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" remain subject to this Order.

24. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED**, this day of April 3, 2023.

_____
Hon. Alvin K. Hellerstein, U.S.D.J.

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN DIOR COUTURE SA and LOUIS VUITTON MALLETIER,<br><br>Plaintiffs,<br><br>-against-<br><br>XIAOLE LIN, TIMI GIFT SHOP, INC., SHUN MIAO DING, GUO L. HUANG, XIAOWEI GAO, XINGYUN HU, MING LI, XIUQIAN CHI, FEI Y. LU, YONGCHAN ZHANG, YU HOU QU, CAI QIN XIE, XIAOLIU WANG a/k/a LI LI WANG, and JOHN and JANE DOES 1–100,<br><br>Defendants. | Civil Case No. 22-cv-10716<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action, governing the non-disclosure of those portions of Information and Materials that have been designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only." I agree that I will not disclose such confidential Information and Materials to anyone other than those authorized to receive such material under the Protective Order and only for purposes of this litigation, and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____
                                                                                              Signature

11