UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
CHRISTIAN DIOR COUTURE SA and LOUIS :
VUITTON MALLETIER, :
:       **ORDER DENYING MOTOIN**
                     Plaintiffs, :       **TO SEVER**
:
     -against- :       22 Civ. 10716 (AKH)
:
:
XIAOLE LIN, et al., :
:
                     Defendants. :
------------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs Christian Dior Couture SA and Louis Vuitton Malletier (collectively, "Plaintiffs") filed this suit against Xiaole Lin, Timi Gift Shop, Inc., Shun Miao Ding, Guo L. Huang, Xiaowei Gao, Xingyun Hu, Ming Li, Xiuqian Chi, Fei Y. Lu, Yongchan Zhang, Yu Hou Qu, Cai Qin Xie, Xiaoliu Wang a/k/a Li Li Wang, and John and Jane Does 1–100 (collectively, "Defendants"), alleging trademark counterfeiting, trademark infringement, dilution, false designation of origin, unfair competition, passing off, and related claims under the Lanham Act and New York State and common law. On July 20, 2023, defendants Guo L. Huang, Fei Y. Lu, Cai Qin Xie, and Xiaoliu Wang (the "Moving Defendants") filed motions to sever the claims against them into separate proceedings. *See* ECF Nos. 130-133.

        In evaluating a motion to sever, the Court considers: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Oram v.*

*SoulCycle LLC*, 979 F. Supp. 2d 498, 502–03 (S.D.N.Y. 2013). "The moving party bears the burden of demonstrating that 'severance is required to avoid prejudice or confusion and to promote the ends of justice.'" *Agnesini v. Doctor's Assocs., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011).

The Second Amended Complaint alleges that the claims against the Defendants arise out of the same transaction or occurrence. Defendants are alleged to "have coordinated efforts to offer for sale, distribute, and sell Counterfeit Products bearing Plaintiffs' Marks." Second Amended Complaint ("SAC"), ECF No. 41, at ¶ 127. All of the Moving Defendants were present when Plaintiffs seized allegedly counterfeited products on January 12, 2023. *See id.* ¶¶ 114-21. The coordinated activities of the Moving Defendants are sufficient to justify joinder. *See WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *6 (S.D.N.Y. 2019). Similarly, the identical claims against each of the Defendants present common questions of law and fact: Plaintiffs allege trademark counterfeiting, trademark infringement, dilution, false designation of origin, unfair competition, passing off, and related claims under the Lanham Act and New York State and common law based on the Moving Defendants' coordinated counterfeiting operations. *See* SAC ¶¶ 127, 140-53. The Moving Defendants have not argued that prejudice would be avoided if severance were granted, and they have not indicated that they plan to raise conflicting defenses. Finally, the witnesses and documentary proof needed for each of the claims is likely to overlap substantially. Plaintiffs are likely to use the same witnesses in prosecuting their claims against each of the Defendants and Plaintiffs' declaration in connection with their motion for default judgment indicates that they plan to use cell phone data containing communications between various Defendants concerning the alleged counterfeiting operation.

       The Moving Defendants have failed to demonstrate that severance is warranted. Accordingly, the motions to sever are denied. The Clerk of Court shall terminate the open motions at ECF Nos. 130-133.

       SO ORDERED.

Dated:      August 24, 2023
              New York, New York

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge