UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN DIOR COUTURE SA and LOUIS VUITTON MALLETIER,<br><br>Plaintiffs,<br><br>-against-<br><br>XIAOLE LIN, TIMI GIFT SHOP, INC., SHUN MIAO DING, GUO L. HUANG, XIAOWEI GAO, XINGYUN HU, MING LI, XIUQIAN CHI, FEI Y. LU, YONGCHAN ZHANG, YU HOU QU, CAI QIN XIE, XIAOLIU WANG a/k/a LI LI WANG, and JOHN and JANE DOES 1–100,<br><br>Defendants. | Civil Case No. 22-cv-10716 |

## [PROPOSED] CONSENT JUDGMENT REGARDING GUO L. HUANG

Plaintiffs Christian Dior Couture SA ("Christian Dior") and Louis Vuitton Malletier ("Louis Vuitton" and, together with Christian Dior, "Plaintiffs"), having filed a Second Amendment Complaint against Defendants Xiaole Lin, Timi Gift Shop, Inc., Shun Miao Ding, Guo L. Huang, Xiaowei Gao, Xingyun Hu, Ming Li, Xiuqian Chi, Fei Y. Lu, Yongchan Zhang, Yu Hou Qu, Cai Qin Xie, and Xiaoliu Wang asserting claims for, *inter alia*, trademark counterfeiting under 15 U.S.C. § 1114, trademark infringement under 15 U.S.C. § 1114, dilution under 15 U.S.C. § 1125(c), false designation of origin, unfair competition, and passing off under 15 U.S.C. § 1125(a), trademark infringement and unfair competition under New York common law, and injury to business reputation and dilution of trademark under N.Y. Gen. Bus. L. § 360-l; the Court having granted Plaintiffs' motion for default judgment against Defendant Timi Gift Shop, Inc. during the order to show cause hearing on July 26, 2023; Plaintiffs and Defendant Guo L. Huang ("Defendant") having reached an agreement as to liability under the claims asserted by Plaintiffs herein and having agreed to allow the Court to issue a statutory damages award against

Defendant and other relief to Plaintiffs as the Court sees just, hereby stipulate and consent to entry of this Consent Judgment; and for good cause shown:

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over Plaintiffs and Defendant and subject matter of this action.

2. Christian Dior is the owner of the following trademarks and United States trademark registrations:

| Reg. No. | Trademark | Goods/Services |
|---|---|---|
| 543994 | CHRISTIAN DIOR | Class 18: handbags and pocketbooks; and belts made from leather for general use in connection with luggage |
| 953916 | CHRISTIAN DIOR | Class 18: wallets, pocket secretaries, billfolds and credit card cases |
| 523754 | CHRISTIAN DIOR | Classes 10, 25, 26: *inter alia*, coats, dresses, suits, jackets, vests, skirts, shawls and scarfs, pullovers and sweaters, jackets, capes, shoes, hats |
| 1781434 | CD | Class 18: *inter alia*, change purses; clutch bags; clutch purses; coin purses; handbags; pocketbooks; purses; shoulder bags; tote bags; wallets; straps for handbags<br>Class 25: *inter alia*, clothing for use by men, women and children; scarves |
| 1923564 | Dior | Class 14: *inter alia*, jewelry<br>Class 18: *inter alia*, carry-on bags; change purses; clutch bags; clutch purses; coin purses; drawstring pouches; handbags; key cases; overnight bags; purses; shoulder bags |
| 2749176 | Dior (logo) | Class 18: *inter alia*, change purses; clutch bags; handbags; luggage; overnight bags; pocketbooks; purses; satchels; school bags; shoulder bags; all-purpose sports bags; suitcases; toiletry cases sold empty; tote bags; travel bags; trunks for traveling |
| 1848630 | DIOR | Class 25: *inter alia*, clothing for use by men, women and children; scarves |
| 4362717 | DIOR | Class 16: *inter alia*, printed matter |

2

| 4389968 | | Class 18: *inter alia*, leatherware; handbags<br>Class 25: *inter alia*, clothing |
|---|---|---|
| 1776536 | | Class 18: *inter alia*, clutch bags; clutch purses; handbags; pocketbooks; purses; satchels; shoulder bags; tote bags; wallets<br>Class 25: *inter alia*, clothing |
| 2240163 | | Class 18: *inter alia*, satchels, clutch bags, purses, wallets |

The above-referenced registrations for the marks, collectively referred to herein as the "Christian Dior Marks," are owned by Christian Dior Couture, are valid, subsisting, and in full force and effect, and are registered on the Principal Register. Further, these registrations have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

3. Since long prior to the acts of Defendant complained of in this action, Christian Dior has prominently used the Christian Dior Marks in United States commerce in connection with, *inter alia*, leather goods and bags, clothing, shoes, jewelry, fragrances, scarves, accessories, and related goods and services.

4. Through continuous widespread use, extensive sales, advertising, and promotion, the Christian Dior Marks have acquired substantial fame and valuable goodwill throughout the United States and have become known to consumers and the general public as a source indicator to identify goods and services provided by Christian Dior. As a result of such widespread continuous use, extensive sales, advertising and promotion, the Christian Dior Marks became distinctive and famous long prior to the acts of Defendant complained of in this action.

5. Louis Vuitton is the owner of the following trademarks and United States trademark registrations:

| Reg. No. | Trademark | Goods/Services |
|---|---|---|
| 1045932 | LOUIS VUITTON | Class 18: Luggage and ladies' handbags |
| 4530921 | LOUIS VUITTON | Class 16: *inter alia*, catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing;<br><br>Class 25: *inter alia*, clothing, leather belts, scarves |
| 1990760 | LOUIS VUITTON | Class 16: *inter alia*, catalogues featuring luggage and travel accessories, bags, small leather goods and garments<br><br>Class 18: *inter alia*, traveling bags, luggage, handbags, tote bags, wallets, credit card cases, key cases, change purses<br><br>Class 25: *inter alia*, belts, scarves |
| 2346373 | LOUIS VUITTON PARIS | Class 18: *inter alia*, travelling bags, handbags, shoulder bags, pouches, fine leather goods, pocket wallets, purses, key cases, card holders, checkbook holders<br><br>Class 25: *inter alia*, clothing and underwear, scarves, clothing belts |
| 1519828 | LV | Class 18: *inter alia*, traveling bags, satchels, hand bags, pocketbooks |
| 1794905 | LV | Class 16: *inter alia*, printed labels for luggage and other travel goods and leather holders therefor<br><br>Class 25: *inter alia*, clothing for men and women, belts, scarves |
| 2361695 | LV | Class 25: *inter alia*, clothing, belts |

| 1615681 | LOUIS VUITTON | Class 18: *inter alia*, traveling bags, hand bags, wallets, passport cases, key cases, credit card cases, business card cases, change purses |
|---|---|---|
| 4192541 | | Class 18: *inter alia* traveling bags, trunks, suitcases, vanity cases, toiletry bags, backpacks, handbags, attaché cases, leather document cases, wallets, purses, leather key cases<br><br>Class 25: *inter alia*, clothing, belts |
| 297594 | | Class 18: *inter alia* trunks, traveling bags, satchels, hand bags, pocketbooks |
| 1841850 | | Class 18: *inter alia*, bags, handbags, pouches, wallets, card cases, bill and card holders, key holders, change purses |
| 3576404 | | Class 18: *inter alia*, traveling bags, luggage, handbags, shoulder bags, purses, leather pouches, wallets, change purses, business card cases |
| 3107072 | | Class 18: *inter alia*, leather and imitation leather products, traveling bags, trunks and suitcases, handbags, pouches made of leather, wallets, purses, business card cases, credit card cases<br><br>Class 25: *inter alia*, clothing, belts, scarves |

| 2177828 | | *inter alia,*<br><br>Class 18: *inter alia,* hand bags, shoulder bags, fine leather goods, pocket wallets, purses, leather key holders, business card cases, and credit card cases<br><br>Class 25: *inter alia,* clothing, belts |
|---|---|---|
| 2181753 | | *inter alia,*<br><br>Class 18: *inter alia,* luggage for travel, hand bags, shoulder bags, fine leather goods, pocket wallets, purses, leather key holders, business card cases, credit card cases<br><br>Class 25: *inter alia,* clothing, belts, scarves |
| 2773107 | | *inter alia,*<br><br>Class 18: *inter alia,* travel bags, shoulder bags, handbags, pocket wallets, purses, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather<br><br>Class 25: *inter alia,* clothing, belts, scarves |

The above-referenced registrations for the marks, collectively referred to herein as the "Louis Vuitton Marks," are owned by Louis Vuitton, are valid, subsisting, and in full force and effect, and are registered on the Principal Register. Further, with exception of Reg. No. 4530921, these registrations have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

6.  Since long prior to the acts of Defendant complained of in this action, Louis Vuitton has prominently used the Louis Vuitton Marks in United States commerce in connection with, *inter alia,* leather goods and bags, clothing, scarves, belts, accessories, and related goods and services.

7.  Through continuous widespread use, extensive sales, advertising, and promotion, the Louis Vuitton Marks have acquired substantial fame and valuable goodwill throughout the United States and have become known to consumers and the general public as a source indicator

6

to identify goods and services provided by Louis Vuitton. As a result of such widespread continuous use, extensive sales, advertising and promotion, the Louis Vuitton Marks became distinctive and famous long prior to the acts of Defendant complained of in this action.

8. As more fully set forth in the Second Amended Complaint filed herein (ECF No. 41), Defendant consents to a finding that Defendant, without authorization from Plaintiffs, has willfully and intentionally used or reproduced one or more of the Christian Dior Marks and one or more of the Louis Vuitton Marks in connection with the distribution, offer for sale, and sale of counterfeit products including, *inter alia*, handbags, tote bags, backpacks, clutches, scarves, and other items. In so doing, Defendant is liable for trademark counterfeiting, trademark infringement, dilution, injury to business reputation, false designation of origin, unfair competition, and passing off under federal and New York state law.

9. Defendant, his officers, subsidiaries, parents, divisions, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or in participation with any of them, be and hereby are permanently enjoined and restrained from:

    a. trafficking, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, or selling any goods or services in connection with the Christian Dior Marks and Louis Vuitton Marks or any counterfeit, spurious imitation, copy, or colorable imitation thereof;

    b. directly or indirectly infringing, in any manner, any of Plaintiffs' trademarks or other intellectual property rights (whether now in existence or hereafter created) including, without limitation, the Christian Dior Marks and Louis Vuitton Marks;

    c. using any reproduction, counterfeit, copy, or colorable limitation of Plaintiffs' trademarks or other intellectual property rights (whether now in

7

existence or hereafter created) including, without limitation, the Christian Dior Marks and Louis Vuitton Marks, to identify any goods or services not authorized by Plaintiffs;

d.  using any of Plaintiffs' trademarks or other intellectual property rights (whether now in existence or hereafter created) including, without limitation, the Christian Dior Marks and Louis Vuitton Marks, or any other marks that are confusingly similar to the Christian Dior Marks and Louis Vuitton Marks in connection with Defendant's trafficking, manufacture, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, and/or sale of goods or services;

e.  using any name, mark, or designation or doing any other thing likely to cause injury to Plaintiffs' respective business reputations or dilution of the distinctive quality of the Christian Dior Marks or Louis Vuitton Marks;

f.  using or making any other false designation of origin or false description or representation or engaging in any action which is likely to cause confusion or mistake in the mind of the public or to deceive the public into believing that Defendant's business, services, and goods are in any way associated or affiliated with or related to Plaintiffs;

g.  engaging in any actions that constitute unfair competition with Plaintiffs;

h.  engaging in any other act in derogation of Plaintiffs' rights; and

i.  instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in foregoing sub-paragraphs (a) through (h).

10. Defendant shall, within ten (10) business days after entry of this Consent Judgment, deliver up for destruction to Plaintiffs any and all products, packaging, wrappers, labels, tags, advertising, promotional materials and other materials that bear any of Plaintiffs' trademarks or colorable imitations thereof, as well as any plates, molds and other materials used to produce such trademarks or any counterfeit, reproduction, copy or colorable imitation thereof in the possession, custody, or control of Defendant pursuant to 15 U.S.C. § 1118. Plaintiffs shall be permitted to destroy all items delivered for destruction by Defendant and all items that were seized on January 12, 2023 and retained by Plaintiffs pursuant to the Court's February 2, 2023 order (ECF No. 26).

11. Defendant shall, within thirty (30) days after entry of this Consent Judgment, file with the Court and serve on counsel for Plaintiffs a written statement under oath setting forth in detail the manner and form in which he has complied with and completed those actions ordered by paragraphs 9–11 herein, pursuant to 15 U.S.C. § 1116(a).

12. Defendant shall immediately provide a copy of this Consent Judgment to any and all of his officers, subsidiaries, parents, divisions, agents, managing members, principal owners, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or in participation with any of them.

13. The Court maintains exclusive jurisdiction to enforce this Consent Judgment. Plaintiffs and Defendant acknowledge that a breach of this Consent Judgment by Defendant would result in immediate and irreparable harm to Plaintiffs, and that the prevailing party shall be awarded its reasonable attorneys' fees and costs should Plaintiffs bring any motion or proceeding

to enforce the terms hereof. Defendant consents to this Court's personal jurisdiction over any such motion or proceeding.

14. Plaintiffs and Defendant have consented to the entry of this Consent Judgment and waive any and all rights of appeal.

15. The Clerk of this Court is directed to enter this Consent Judgment forthwith, without further notice, but this action shall remain pending until further notice from the Court.

16. The Court shall issue an award of statutory damages against Defendant and other relief to Plaintiffs as it deems just in due course.

**SO AGREED.**

CHRISTIAN DIOR COUTURE SA

Name: Léo Longauer
Title: Director of Brand Protection

LOUIS VUITTON MALLETIER

Name: John Maltbie
Title: Director of Intellectual Property

GUO L. HUANG

Hung Guo L

**JUDGMENT IS HEREBY ENTERED.**

Dated: 11/13/23

Alvin K. Hellerstein, U.S.D.J.

10