UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
CHRISTIAN DIOR COUTURE SA and LOUIS          :
VUITTON MALLETIER,                           :
                                             :
                         Plaintiffs,         :
                                             :
          -against-                          :
                                             :
                                             :
                                             :
XIAOLE LIN, et al.,                          :
                                             :
                         Defendants.         :
                                             :
------------------------------------------------------------- x
```

**OPINION GRANTING
SUMMARY JUDGMENT AND
STATUTORY DAMAGES**

22 Civ. 10716 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

## Background

   This case arises out of the defendants' unauthorized use of Christian Dior Couture's and

Louis Vuitton Malletier's protected trademarks. Defendants are street sellers and shop owners in

New York City who peddle counterfeit products bearing the plaintiffs' registered trademarks.

Following a raid of the Chinatown area by the New York City Police Department in the fall of

2022, nearly 10 million dollars in counterfeit goods were seized from defendants and others,

including counterfeited bags, backpacks, and scarves utilizing the plaintiffs' registered

trademarks. In response, plaintiffs filed suit, alleging claims of trademark counterfeiting;

trademark infringement; trademark dilution; false designation of origin, unfair competition, and

passing off; trademark infringement and unfair competition; and injury to business reputation

and dilution of trademark. *See* ECF No. 30.

   After entry of consent judgment against nine of the defendants, Dior and Louis Vuitton now

move for summary judgment and statutory damages pursuant to the Lanham Act as to those

defendants: Xiaole Lin, Yongchan Zhang, Xiaoliu Wang, Guo L. Huang, Fei Y. Lu, Xingyun Hu, Yu Hu Qu, Cai Qin Xie, and Xiaowei Gao.  ECF No. 168.

## I.     Liability

The Lanham Act imposes liability on any party who, in connection with the sale, offering for sale, or distribution of a good, either uses a counterfeit of a registered mark or counterfeits such mark in advertising or packaging materials when the use or counterfeiting is likely to cause confusion.  15 U.S.C. § 1114(a)(a-b).  It also prohibits the use in commerce of any word, term, name, symbol, device, or combination thereof, which is likely to cause confusion as to the origin, sponsorship, or approval of a person's goods with those of another person or which misrepresents the nature, characteristics, qualities, or geographic origin of another person's goods.  15 U.S.C. § 1125(a)(1)(A)-(B).

Plaintiff's claims must be analyzed under the two-part test set forth by the Second Circuit in *Gruner + Jahr USA Publishing v. Meredith Corp.*, 991 F.2d 1072 (2d Cir. 1993).  The test asks first whether the plaintiff's mark is entitled to protection, and second whether a defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods.  *Soter Techs., LLC v. IP Video Corp.*, 523 F.Supp. 3d 389, 397 (S.D.N.Y. 2021).

"A certificate of registration with the [Patent and Trademark Office] is prima facie evidence that the mark is registered and valid."  *Lane Capital Management, Inc. v. Lane Capital Management, Inc.*, 192 F.3d 337, 345 (2d Cir. 1999).  Plaintiffs here have provided proof of their registered trademarks at issue in the case, and thus meet the first element of the test.  While courts typically look to the factors set out in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), such an examination is unnecessary in counterfeit cases, "because

counterfeits, by their very nature, cause confusion." *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F.Supp. 2d 426, 433 (S.D.N.Y. 2012).  Since all products at issue in this suit are counterfeits, plaintiffs satisfy the second element of the *Gruner* test as well.

Accordingly, liability is established.  Since there is clear liability, summary judgment is granted as to Xiaole Lin, Yongchan Zhang, Xiaoliu Wang, Guo L. Huang, Fei Y. Lu, Xingyun Hu, Yu Hu Qu, Cai Qin Xie, and Xiaowei Gao.

## II.    Damages

Under the Lanham Act, a trademark owner may elect to recover statutory damages instead of actual damages, so long as that election is made before final judgment. 15 U.S.C. § 1117(c) & (d).  While the ordinary range of statutory damages is $1,000 to $200,000 per counterfeit mark per type of goods sold, where willfulness is shown, the upper limit of that range increases to $1,000 to $2,000,000 per counterfeit mark per type of goods sold.  15 U.S.C. § 1117(c).  Plaintiffs have moved for statutory damages in the amount of $1,000,000 per counterfeit mark per type of goods sold.  ECF No. 168.  This comes out to over $650,000,000 total, divided as follows:

- Xiaole Lin: $31,000,000 for Dior; $21,000,000 for Louis Vuitton

- Yongchan Zhang: $20,000,000 for Dior; $94,000,000 for Louis Vuitton

- Xiaoliu Wang: $29,000,000 for Dior; $59,000,000 for Louis Vuitton

- Guo L. Huang and Fei Y. Lu (married): $14,000,000 for Dior; $80,000,000 for Louis Vuitton

- Xingyun Hu: $20,000,000 for Dior; $76,000,000 for Louis Vuitton

- Yu Hu QU: $19,000,000 for Dior; $68,000,000 for Louis Vuitton

- Cai Qin Xie: $29,000,000 for Dior; $84,000,000 for Louis Vuitton

- Xiaowei Gao: $5,000,000 for Dior; $5,000,000 for Louis Vuitton

The "district judge has wide discretion in setting the statutory damage award." *See Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 265 (2d Cir. 2005). In cases like this one, judges in this district tend to award damages well below the statutory maximum, "particularly where the plaintiff does not have concrete information about the defendant's actual sales figures and profits." *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 438 (S.D.N.Y. 2012) (internal quotation marks omitted). This Court also considers the seven factors laid out in *Tiffany (NJ), Inc. v. Luban* when assessing claims for statutory damages: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." 282 F.Supp. 2d 123, 125 (S.D.N.Y. 2003) (quoting from *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)).

Applying the above caselaw here, I award the plaintiffs statutory damages in the amount of $50,000 per mark per type of goods sold. First, while we do not have the exact price and profit information on defendants' sales of the counterfeit goods, plaintiffs write that each item bought by undercover government agents cost between 80 and 100 dollars. Second, the revenue lost by plaintiffs is also unclear. While plaintiffs' legitimate goods of the kind sold by defendants cost anywhere from $250 to $6,900, it seems unlikely that the purchase of an $80 counterfeit from a defendant can be described as a lost thousand-dollar-sale to the plaintiff. More likely, if the counterfeits did not exist, most purchasers of defendants' goods would not

have purchased any Dior or Louis Vuitton branded goods. Third, the value of the copyright is high. Both Dior and Louis Vuitton are internationally celebrated marks which designate to a buyer that the product is of high quality and value. Fourth, the deterrent effect on others is high in awarding significant statutory damages here. Given how high the Lanham Act's willful statutory damages range runs, an award can effectively serve as a financial deterrent to future counterfeiters. Fifth, as explained above, the defendants' conduct is willful. Finally, there is high potential to dissuade the defendant from partaking in this unlawful counterfeiting by awarding significant statutory damages to the plaintiffs.

Taking all of this into consideration, I believe that an award of $50,000 per mark per type of goods sold will adequately protect the plaintiffs' marks, deter others from counterfeiting, and deter the defendants from repeating their unlawful activities. While this award is significantly below what the plaintiffs request, it is appropriate under these circumstances. Defendants peddled many goods of various types, meaning that the $50,000 figure will be multiplied by, in most cases, a double-digit figure. Plaintiffs' damages will thus be in the tens of millions, which is more than adequate compensation for these violations. Second, the defendants are street sellers, mostly selling the counterfeit goods on the sidewalk or out of cars. They are not shown to be manufacturers or high-level producers of these goods. Rather, they are likely at the lowest rung of the counterfeiting operation, making minimal profits. As such, an award in the hundreds of millions, as plaintiffs ask for, overstates the defendants' likely involvement in the scheme as well as their ability to pay.

The above damages come out to the following amounts, per defendant, per brand, and are inclusive of fees and costs:

- Xiaole Lin: $1,550,000 in damages to Dior; $1,050,000 in damages to Louis Vuitton

- Yongchan Zhang: $1,000,000 in damages to Dior; $4,700,000 in damages to Louis Vuitton

- Xiaoliu Wang: $1,450,000 in damages to Dior; $2,950,000 in damages to Louis Vuitton

- Guo L. Huang and Fei Y. Lu: $700,000 in damages to Dior (joint and several); $4,00,000 in damages to Louis Vuitton (joint and several)

- Xingyun Hu: $1,000,000 in damages to Dior; $3,800,000 in damages to Louis Vuitton

- Yu Hu Qu: $950,000 in damages to Dior; $3,400,000 in damages to Louis Vuitton

- Cai Qin Xie: $1,450,000 in damages to Dior; $4,200,000 in damages to Louis Vuitton

- Xiaowei Gao: $250,000 in damages to Dior; $250,000 in damages to Louis Vuitton

The parties shall settle a proposed permanent injunction within ten days of this order in order to receive the equitable relief requested. The Clerk of Court shall terminate ECF No. 168.

SO ORDERED.

Dated:        August 8, 2024
              New York, New York                    ALVIN K. HELLERSTEIN
                                                    United States District Judge