UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

CHRISTIAN DIOR COUTURE SA and LOUIS
VUITTON MALLETIER,

                                  Plaintiffs,

    -against-

XIAOLE LIN, et al.,

                                  Defendants.

------------------------------------------------------------------ x

**ORDER DENYING RULE 60(B) MOTIONS**

22 Civ. 10716 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs Christian Dior Couture SA and Louis Vuitton Malletier brought this case against a group of Defendants who were sellers of counterfeit goods using their registered trademarks, alleging trademark counterfeiting; trademark infringement; trademark dilution; false designation of origin, unfair competition, and passing off; trademark infringement and unfair competition; and injury to business reputation and dilution of trademark. *See* ECF No. 30. Several Defendants, including Xingyun Hu and Xiaole Lin signed and agreed to the entry of consent judgments against them for trademark infringement. ECF Nos. 164, 165. Following the entry of the consent judgments, I granted a motion for summary judgment and awarded statutory damages under the Lanham Act. ECF No. 191. A final judgment was entered on August 20, 2024, imposing statutory damages judgments against Defendants, including Defendants Hu and Lin.

        On March 9, 2026, Hu filed a Rule 60(b)(6) motion to set aside judgment, arguing that he did not understand the contents of the agreement because he did not speak or read English and it was not adequately explained to him by his attorney. On March 17, 2026, Lin filed a proposed order to show cause, which in substance is also a Rule 60(b)(1) motion making the same argument: that she did not understand the consent judgment when she agreed to it and it was not

adequately explained to her by her lawyer. *See Sec. & Exch. Comm'n v. Curran*, No. 12-cv-2937, 2024 WL 3431953, at *2 (E.D.N.Y. July 15, 2024) ("Even when a party does not move under Rule 60(b)(1), motions to vacate based on [] mistake must ordinarily be adjudicated under that rule.").

These motions shall be characterized as Rule 60(b)(1) motions, as Hu and Lin argue they agreed to the consent judgments by mistake because they failed to understand their consequences. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (when "the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)"). Hu and Lin attempt to frame their motions as under Rule 60(b)(6) because their motions are untimely under Rule 60(b)(1), wherein a motion can be made no more than a year after entry of judgment. Fed. R. Civ. P. 60(c)(1). Therefore, the motions are denied as untimely.

Further, even considering the merits, the motions shall be denied. "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Palladino v. JPMorgan Chase & Co.*, 807 F. Supp.3d 163, 171 (E.D.N.Y. 2025). Hu and Lin contend that they received poor advice from counsel and were not adequately informed by their counsel as to the effects of their decision. However, "[t]he law in this circuit is reasonably clear when a conscious decision has been made by counsel, ignorance of the law 'is not the sort of 'excusable neglect' contemplated by Federal Civil Rule 60(b), 28 U.S.C.A. as ground for vacating an adverse judgment.'" *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir. 1971) (citing *Ohliger v. United States*, 308 F.2d 667 (2d Cir. 1962)). That Hu and Lin did not sufficiently discuss the effects of the consent judgments with their attorneys, who they chose to represent them in a civil case, is not sufficient cause to vacate a final judgment. *See City of Indio v. Solomon*, No. EDCV1101982VAPOPX, 2012 WL 12888855, at *5 (C.D. Cal. Aug. 1, 2012) ("Rule 60(b)(1) does not 'remedy the effects of a litigation decision that a party later comes to regret through

2

subsequently-gained knowledge that corrects the erroneous legal advice of counsel' and that '[s]uch mistakes are more appropriately addressed through malpractice claims'") (citing *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006)).

Therefore, the Hu and Lin's Rule 60(b) motions are denied. The Clerk of Court shall terminate ECF Nos. 204, 209.

SO ORDERED.

Dated:      March 19, 2026
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3