UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

CHRISTIAN DIOR COUTURE SA and LOUIS
VUITTON MALLETIER,

                                        Plaintiffs,

                -against-

XIAOLE LIN, et al.,

                                        Defendants.

------------------------------------------------------------------ x

**ORDER DENYING RULE 60(b)**
**MOTION**

22 Civ. 10716 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiffs Christian Dior Couture SA and Louis Vuitton Malletier brought this case against a group of Defendants who were sellers of counterfeit goods using their registered trademarks, alleging trademark counterfeiting; trademark infringement; trademark dilution; false designation of origin, unfair competition, and passing off; trademark infringement and unfair competition; and injury to business reputation and dilution of trademark. *See* ECF No. 30. Several Defendants, including Xiaoliu Wang, signed and agreed to the entry of consent judgment for trademark infringement. ECF No. 161. Following the entry of the consent judgments, I granted a motion for summary judgment and awarded statutory damages under the Lanham Act, which Wang did not oppose. ECF No. 191. A final judgment was entered on August 20, 2024, imposing statutory damages judgments against Defendants, including Defendant Wang.

On April 3, 2026, Wang filed a Rule 60(b)(1) or (6) motion to set aside judgment, arguing that she did not understand the contents of the agreement because she did not read English and it was not adequately explained to her by her attorney. On March 19, 2026, I denied similar Rule 60(b) motions filed by two other Defendants, making the same arguments.

Like the similar motions, the motion shall be characterized as a Rule 60(b)(1) motion, not (b)(6), as Wang argues that she agreed to the consent judgment by mistake because she failed to understand its consequences. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (when "the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)"). The motion is untimely under Rule 60(b)(1), wherein a motion can be made no more than a year after entry of judgment. Fed. R. Civ. P. 60(c)(1). Therefore, the motion is denied as untimely.

Even considering the merits, the motion shall be denied. "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Palladino v. JPMorgan Chase & Co.*, 807 F. Supp. 3d 163, 171 (E.D.N.Y. 2025) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Wang contends that she cannot read or write English, that she was provided the consent judgment without an interpreter, and that she did not understand the agreement when she signed it. However, the facts demonstrate active participation in the matter by Wang and her attorney. Wang was represented by counsel throughout this proceeding, including at the time of her agreement to the consent judgment. Wang appeared at multiple court appearances and sat for deposition, and her attorney was active in her defense, registering on ECF and making submissions on her behalf.

"The law in this circuit is reasonably clear when a conscious decision has been made by counsel, ignorance of the law 'is not the sort of 'excusable neglect' contemplated by Federal Civil Rule 60(b), 28 U.S.C.A. as ground for vacating an adverse judgment.'" *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir. 1971) (citing *Ohliger v. United States*, 308 F.2d 667 (2d Cir. 1962)). That Wang did not sufficiently discuss the effects of the consent judgment with her attorney is not sufficient cause to vacate a final judgment. *See City of Indio v. Solomon*, 2012 WL 12888855, at *5 (C.D. Cal. Aug. 1, 2012) ("Rule 60(b)(1) does not 'remedy the effects of a

2

litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel' and that '[s]uch mistakes are more appropriately addressed through malpractice claims'") (citing *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006)).  Wang's receipt of poor advice from counsel and later regret of the decision to agree to the consent judgment is not reason to vacate the judgment.

Therefore, the Rule 60(b) motion is denied.  The Clerk of Court shall terminate ECF No. 220.

SO ORDERED.

Dated:    June 29, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3